**Blue Riv. Gems Inc. v Gross**

2024 NY Slip Op 34230(U)

December 2, 2024

Supreme Court, New York County

Docket Number: Index No. 150883/2020

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     Hon. James d'Auguste                          PART 55

                                              *Justice*

-----------------------------------------------------------------------------X

BLUE RIVER GEMS INC.,                                        INDEX NO.        150883/2020

                    Plaintiff,

               - v -                                      **DECISION + ORDER AFTER**
                                                              **EVIDENTIARY HEARING**

MICHAEL GROSS, MIRIAM GROSS, JEFFREY GROSS,
MICHAEL GROSS DIAMONDS INC.

                    Defendant.

-----------------------------------------------------------------------------X

       In Motion Sequence 001, plaintiff Blue River Gems Inc. ("BRG Inc.") moved for partial

summary judgment, seeking to pierce the corporate veil of defendant Michael Gross Diamonds,

Inc. ("MGD Inc.") to attach a previous judgment against MGD Inc. of $309,907.43 plus interest

to defendants Michael Gross, Miriam Gross (his wife), and Jeffrey Gross (his son) (collectively

"individual defendants") personally.  In the alternative, BRG Inc. seeks to recover funds

allegedly improperly conveyed to the individual defendants pursuant to New York Debtor-

Creditor Law § 273 and 276.

       Upon the documents, the Court, pursuant to CPLR 3212(c), ordered an immediate trial on

the issues raised in the motion.  Thereafter, the Court conducted a multi-day evidentiary hearing,

and finds that plaintiff met its burden under New York Debtor-Creditor Law § 273 and 276 to

the extent set forth below.  The Court considered the findings of the other judges in the related

actions to the extent relevant to the discrete issues presented in this action.  These transactions

are deemed to be fraudulent conveyances, and plaintiff is entitled to recover from the individual

receiving the funds represented by these specific transactions.

Michael Gross is the sole shareholder of MGD, Inc., a jewelry business operating until around April 2016. In the action <u>Blue River Gems Inc. v S.V.V. Diamond Corp. and Michael Gross Diamonds, Inc.</u>, (Index No. 151453/2015) ("<u>Blue River Gems I</u>"), on January 16, 2019, BRG was awarded a judgment against MGD Inc. for $309,907.43 plus interest following MGD Inc.'s conversion of a diamond necklace. In approximately April 2016, MGD Inc. wound down the jewelry business and transitioned to real estate. In <u>Blue River Gems I</u>, MGD Inc. was served in February 2015 and filed an Answer on April 1, 2015. BRG Inc. was granted summary judgment on December 16, 2016. Plaintiff alleges that MGD Inc. engaged in many transactions during and after <u>Blue River Gems I</u> intended to transfer assets to the individual defendants and render MGD Inc. insolvent, and therefore judgment-proof. Specifically, plaintiff argues that the personal nature of several batches of transactions – including payments to Miriam Gross's dentist, donations to religious organizations, and purported loan repayments to the individual defendants – had no legitimate business purpose, and therefore demonstrate that MGD Inc. was operating simply as the "alter ego" of Michael Gross. As such, plaintiff seeks to "pierce the corporate veil" of MGD Inc. to attach the judgment in <u>Blue River Gems I</u> to the individual defendants. In the alternative, plaintiff seeks to reverse the transactions that plaintiff alleges had no legitimate business purpose and were performed to render MGD Inc. judgment proof pursuant to the New York Debtor-Creditor law.

Following a multi-day evidentiary hearing, the Court finds that plaintiff failed to meet its burden for "piercing the corporate veil" of MGD Inc.; however, plaintiff has demonstrated its entitlement to reverse certain categories of transactions as set forth below. The doctrine of "piercing the corporate veil" is an equitable remedy to hold owners of a corporation liable for an existing obligation. <u>Matter of Morris v New York State Dept. of Taxation and Fin.</u>, 82 NY2d

[* 2]

135, 141 [1993]. It is well established in New York that a party seeking to "pierce the corporate veil" bears a heavy burden. *See* TNS Holdings, Inc. v MKI Sec. Corp., 92 NY2d 335, 339 [1998]. Generally, the Court may "pierce the corporate veil" under an "alter ego theory" (that the corporation existed as an "alter ego" of the shareholders rather than a distinct entity) if the party seeking this relief demonstrates that the shareholders "exercised complete domination and control over the corporation and 'abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice.'" Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 48 [2018] [quoting Morris 82 NY2d at 142]. When conducting a factual analysis, this remedy provides the Court with flexibility in determining if "piercing the corporate veil" is appropriate. Morris, 82 NY2d at 141. The Court credits the testimony of defendant Michael Gross that MGD Inc. existed as a separate entity rather than merely an "alter ego" of Michael Gross. He conducted a legitimate jewelry business for years, maintained separate bank accounts, and paid himself and his wife a salary. In addition, Michael Gross is permitted to attempt to change business activities – such as shift into real estate – if he does so for the benefit of the business. Plaintiff has not met its burden that "piercing the corporate veil" is warranted in this circumstance, especially when more narrowly-tailored remedies are available pursuant to the New York Debtor-Creditor Law.

Although the Court does not find that the individual defendants' management of MGD Inc. warrants "piercing the corporate veil," the Court does find that MGD Inc. entered certain transactions in violation of NY DCL § 273. For a creditor to void transactions pursuant to NY DCL § 273, the creditor must show that the debtor engaged in a transaction "without receiving a reasonably equivalent value in exchange for the transfer or obligation" and the debtor "intended to incur, or believed or reasonably should have believed that the debtor would incur, debts

150883/2020   BLUE RIVER GEMS INC. vs. GROSS, MICHAEL
Motion No. 001

Page 3 of 6

3 of 6

beyond the debtor's ability to pay as they became due." NY DEBT & CRED § 273. After January 3, 2017, MGD Inc. had actual notice of the impending judgment against it, and, as the sole officer of the corporation, Michael Gross should have been aware of the corporation's inability to pay that judgment.[1] Despite the upcoming judgment, Michael Gross engaged in a series of transactions for himself, his family, and his faith. Between January 2017 and January 2018, Michael Gross used MGD Inc. funds to pay loans to himself, pay Miriam Gross's dental bills, and pay Jeffrey Gross $6,000 (which Michael Gross claims was repayment for a loan, although he does not provide sufficient proof), and make a series of charitable donations; these transactions are all personal in nature and do not have an apparent business purpose. Although Business Corporation Law § 202 empowers corporate officers to make charitable donations on behalf of the corporation, MGD Inc. is obligated to its creditors under the New York Debtor-Creditor law. Michael Gross testified that these charitable contributions were an important component of his business due to his and his family's faith, and, therefore, such contributions must be imputed onto him personally under NY DCL § 276 when he had actual knowledge that the corporation had an impending judgment that it could not pay.

Plaintiff argues that Miriam Gross did not view her responsibilities with MGD Inc. as work, and therefore, payments to her are not legitimate business expenses. The Court highlights that Miriam Gross was paid via payroll with proper withholding of payroll taxes, Medicare, and Social Security. In any event, she stopped receiving paychecks prior to January 3, 2017, and, therefore, they are not subject to reversal under the New York Debtor-Creditor Law.[2]

---

[1] Plaintiff was awarded summary judgment for conversion and unjust enrichment. The decision was uploaded to NYSCEF on January 3, 2017, so the Court has determined this to be the date of MGD Inc.'s actual notice.
[2] Although the Court has already articulated its reasoning for denying the branch of the motion seeking to "pierce the corporate veil," proper payroll procedures are a factor that demonstrate appropriate corporate formalities.

[* 4]

Therefore, the Court is granting plaintiff's motion to the extent of reversing any purported loan payments to Michael Gross personally after January 3, 2017, pursuant to NY DCL § 276 and directing Michael Gross to pay the value of those loan payments to plaintiff/judgment-creditor Blue River Gems, Inc. Per the QuickBooks entries for MGD Inc. (NYSCEF Doc. No. 85), Michael Gross paid loans to himself both by check and electronic funds transfer. *See eg.* NYSCEF Doc. No. 88, pp. 223-25 (describing certain transactions). The Court is reversing these transactions identified as "loans" to Michael Gross post January 3, 2017, totaling $26,751.00. After January 3, 2017, Michael Gross took $64,401.00 in loans from MGD Inc., and he repaid $37,650. In addition, the Court is reversing two payments (dated April 7, 2017, and May 4, 2017) to Dr. Harry Ramars (Miriam Gross's dentist) equal to $10,000 to pay her dental bills. NYSCEF Doc. No. 88, p. 186, ln. 10- p. 188, ln. 25. As Michael Gross testified that *he* took the loan from MGD Inc. to pay Dr. Ramars, the Court is reversing those payments as to him rather than defendant Miriam Gross. Next, the Court is reversing transactions identified as "Charity Contributions" after January 3, 2017, with a total of $24,195.00.[3] Finally, the Court is granting the branch of plaintiff's motion as to Jeffrey Gross and reversing the $6,000.00 payment to him on April 13, 2017, and directing him to pay the value of the loan payments to plaintiff/judgment-creditor Blue River Gems, Inc.

Except for transactions specifically reversed in this decision and order pursuant to NY DCL § 276, plaintiff has failed to meet its burden of demonstrating by credible evidence that the remaining transactions were fraudulent.

---

[3] On plaintiff's Exhibit B (NYSCEF Doc. No. 96), plaintiff states that there was a payment on September 7, 2018. to Kehal Tiferes Avraham for $1,250 with a check number 4148. This challenged transaction does not appear to be reflected in the QuickBooks, and check number 4148 comes up as a Y. Enayatian & Sons for February 3, 2015, under accounts payable. The Court did not include this transaction in its calculation of the total "Charity Contributions." Nonetheless, the Court will entertain a letter from plaintiff, submitted within 14 days of the date of this decision and order, addressing this purported transaction.

**150883/2020  BLUE RIVER GEMS INC. vs. GROSS, MICHAEL**
**Motion No.  001**

**Page 5 of 6**

[* 5]

5 of 6

Accordingly, it is hereby,

ORDERED that plaintiff is granted relief to the extent of reversing payments by Michael Gross Diamonds, Inc. ("MGD Inc.") to defendant Michael Gross for $50,946.00 and defendant Jeffrey Gross for $6,000.00, and it is further,

ORDERED that the Clerk is directed to enter judgment in favor of plaintiff and against defendant Michael Gross in the amount of $50,946.00 plus interest at the New York statutory rate from May 23, 2017,[4] and it is further,

ORDERED that the Clerk is directed to enter judgment in favor of plaintiff and against defendant Jeffrey Gross shall pay $6,000.00 to plaintiff plus interest at the New York statutory rate from April 13, 2017, and it is further,

ORDERED that plaintiff shall file a partial satisfaction of judgment in Blue River Gems Inc. v S.V.V. Diamond Corp. and Michael Gross Diamonds, Inc., (Index No. 151453/2015) ("Blue River Gems I") upon receipt of the funds from the individual defendants.

This constitutes the decision and order of the Court.

<table>
<tr><td>__12/2/2024__<br>DATE</td><td></td><td></td><td></td><td></td><td>_____<br>James d'Auguste, J.S.C.</td><td></td></tr>
</table>

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
| APPLICATION: | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[4] The Court notes that the majority of the transactions deemed to be fraudulent conveyances occurred between January 15, 2017 and September 29, 2017. Therefore, the Court has selected the mid-point between those dates as the date for interest to accrue.

150883/2020   BLUE RIVER GEMS INC. vs. GROSS, MICHAEL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]